**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Keith Gadsden, Appellant.

Appellate Case No. 2012-211729

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge

Unpublished Opinion No. 2014-UP-016
Submitted December 1, 2013 – Filed January 15, 2014

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia,
for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hoffman*, 312 S.C. 386, 393, 440 S.E.2d 869, 873 (1994) ("A contemporaneous objection is required to properly preserve an error for appellate

review."); *State v. Kromah*, 401 S.C. 340, 353, 737 S.E.2d 490, 496 (2013) ("Generally, a motion *in limine* is not a final determination; a contemporaneous objection must be made when the evidence is introduced."); *id.* at 353, 737 S.E.2d at 497 ("There is an exception to this general rule when a ruling on the motion *in limine* is made immediately prior to the introduction of the evidence in question." (internal quotation marks and citation omitted)); *id.* ("This exception is based on the fact that when the trial court's ruling is not preliminary, but instead is clearly a final ruling, there is no need to renew the objection."); *id.* at 352-53, 737 S.E.2d at 496 (holding an issue concerning the admissibility of an expert's testimony was preserved despite the lack of a contemporaneous objection because the expert's testimony immediately followed the trial court's *in limine* ruling and there was *no intervening testimony* between the ruling and the testimony).

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.